UNITED STA TES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

Case No. 20-13820
Chapter 13

Anthony L. Schiavone &
Kathleen L Schiavone,
Debtors

## MOTION FOR SANCTIONS

1. Movants are debtors, whose address for service of process is care of David Dunn Law Offices, PC, 1248 W Hamilton Street, Allentown PA 18102.

2. Respondent is Wells Fargo Bank, NA, Attn.: Sharon Renee Harris, Vice President, 1000 Blue Gentian Road N92816-01Y, Eagan MN 55121-7700.

3. Jurisdiction rests pursuant to 28 USC 1334(b); and is a core proceeding pursuant to 28 USC Sec 157(b)(2)(A), to seek sanctions against Wells Fargo Bank, NA, under NRBP 9011(b).

4. This motion seeks sanctions against Respondent for filing a false proof of claim.

5. Attached, marked as **EXHIBIT A**, and made part of this paragraph is the false proof of claim, asserting a balance due of $26,186.67, Claim 2-1, (the "POC").

6. The POC lists the payment address as Wells Fargo Operations Center, PO Box 31557 B 6955-01B, Billings MT 59107.

7. Attached, marked as **EXHIBIT B**, and mad part of this paragraph, is the Confidential Settlement Agreement and General Release between the Respondent and the Movants, signed by Movants July 16, 2019, (the "Settlement").

8. The Settlement was entered into to satisfy movant's obligation on a note May 21, 2003, secured by a second mortgage on their primary residence at 89 Stonewood Place, Catasauqua PA. (The "Second Mortgage"), recorded in the Lehigh County Office of Judicial Records, Recorder of Deeds Division as Document No. 7092388.

9. Attached, marked as **EXHIBIT C,** and made part of this paragraph, are the redacted Forms W-9, signed by Movants, dated July 17, 2019, a precondition of the Effective Date of the Settlement.

10. Attached, marked as **EXHIBIT D,** and made part of this paragraph is the proof of mailing of the Settlement to Respondent, care of its then counsel.

11. Therefore, the Effective Date of the Settlement is July 20, 2020, the date of the FedEx delivery to counsel for the Respondent.

12. The Settlement ended a significant portion of a dispute that originated in October 2009, when Respondent wrongfully refused a timely loan payment from Movants; continued through a foreclosure action Lehigh County Case No 2010-C-4348; and was reduced to the Settlement while a related case between Movants and Respondent was pending at 1010 EDA 2020 in the Superior Court of Pennsylvania, during which the Movants have spent more than $20,000 in legal fees, expended out of necessity to protect and save their home.

13. In 2010-C-4348, the complaint claimed a balance of $36,466.83; the Respondent accepted no payments from Movants until the Settlement; and the amount in the complaint, less the amount paid pursuant to the Settlement does not reconcile with the amount alleged in the POC.

14. The release language of the Settlement applies only to occurrences prior to the Effective Date.

15. The POC here was filed October 5, 2020; accordingly the release language in the Settlement does not preclude this motion.

16. Pursuant to the Settlement, the Movants are to pay a total of $8,750 in full settlement of their obligation to Respondent. The payment schedule in the Settlement calls for an initial payment of $5,000, and monthly payments thereafter of $250 each until the sum is paid in full.

17. The October 2020 payment has also been cashed by Respondent.

18. The Settlement directs that the payment address is PO Box 31557, Billings MT 59107, the same payment address as shown on the POC.

19. The Respondent knows of the Montana address, has shown the Montana address on the POC, and has posted payments sent to the Montana address by the Movants, whose Chapter 13 Plan provides for ongoing payments on the Settlement outside the plan.

20. The true and correct balance due on the account is as follows:

    | | | |
    |---|---|---|
    | a. | Original balance | $ 8,750.00 |
    | b. | Payments admitted in POC | $ 5,250.00 |
    | c. | October payment | $   250.00 |
    | d. | True & correct balance remaining | $ 3,250.00 |

21. The Respondent, acting through its Vice President, Ms. Sharon Renee Harris, who signed the POC, made no reasonable investigation as to the accuracy of the amount claimed therein.

22. The Respondent nevertheless, acting in bad faith, claims an amount grossly in excess of the true and correct balance remaining, to wit: $26,186.67.

23. The Respondent has admitted receipt of two payments made in compliance with the Settlement.

24. The Respondent has acknowledged in the POC that the place for payment is the same as in the Settlement.

25. The Respondent, given the abject failure to make a reasonable investigation, cannot plead excusable neglect in claiming in the POC money that is not due.

26. The signature of Ms. Harris violates the criminal provisions of 18 USC Sec 152(3), false statement to authorities, and 18 USC sec 157(2) a false statement in a bankruptcy document.

27. Movants request the following sanctions:

    a. Disallowance of the Respondent's proof of claim, No.2-1, without leave to amend.

    b. Satisfaction of the balance remaining due pursuant to the Settlement.

    c. Satisfaction of record of the Second Mortgage, Lehigh County Clerk of Judicial Records, Recorder of Deeds Division, Document No. 7092388.

    d. Cash sanctions payable to Movants in the amount $20,000, to reimburse a portion of prior counsel fees expended out of necessity to protect their home.

    e. A reasonable attorney fee for research, preparation, notification, presentation and prosecution of this motion to be determined by the Court.

28. Reference to Movants claim objection more fully appears.

WHEREFORE, Movants request imposition of sanctions upon the Respondent as stated in this motion.

Respectfully submitted:

David Dunn Law Offices, PC

By> *David F Dunn*  PA ID No 10284
..../s/.....David...F...Dunn............
1248 W. Hamilton Street, Allentown PA 18102
Tel: 610-972-2494; Fax: 610-628-4844
dunncourtpapers@uigzone.com